UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| CLIFFORD CLEVENGER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-00337-PPS-SLC |
| | ) | |
| CITY OF NORTH WEBSTER | ) | |
| POLICE DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is a Motion for More Definite Statement (DE 22) filed by Defendant Kosciusko County Sheriff's Department and its deputies Knafel and Shepard (collectively, "the County"), asserting that the County cannot reasonably prepare a meaningful response to Plaintiff Clifford Clevenger's complaint and asking that the Court order him to make a more definite statement of his claims. The motion is now fully briefed. (DE 23; DE 24).

A party may move for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "In general, motions for a more definite statement under Rule 12(e) are appropriate when a 'pleading fails to specify the allegations in a manner that provides sufficient notice.'" *Malekpour v. LaHood*, No. 12 C 6999, 2012 WL 5996375, at *1 (N.D. Ill. Nov. 30, 2012) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002)). "Motions under Rule 12(e) are generally disfavored." *Metz v. Joe Rizza Imps., Inc.*, 700 F. Supp. 2d 983, 992 (N.D. Ill. 2010) (citations omitted).

Here, the County asserts that Clevenger's complaint sets forth at least 10 different federal claims against all Defendants in a single paragraph and six different state law claims against all Defendants in a single paragraph. The County asks that the Court order Clevenger to plead each ground for recovery "in a separate, distinct, and clearly understandable count." (DE 22 ¶ 10). The County also complains that certain of Clevenger's claims "are mutually exclusive, and therefore obviously alternative." (DE 22 ¶ 16). As such, the County asserts that Clevenger's complaint as drafted is so vague and ambiguous that it cannot prepare a meaningful response to all of the claimed causes of action. (DE 22 ¶ 19).

The County's motion is unpersuasive. "Rule 8 requires very basic 'notice pleading,' which is offset by wide and liberal discovery rights." *Moore v. Fid. Fin. Servs., Inc.*, 869 F. Supp. 557, 560 (N.D. Ill. 1994) (citation omitted); *see* Fed. R. Civ. P. 8(d) (stating that "[n]o technical form is required" and that a party may plead in the alternative). The Court finds that Clevenger's complaint is not so vague or ambiguous that it fails to provide the County notice of his various federal and state claims , as well as the grounds upon which they rest. *See, e.g.*, *Metz*, 700 F. Supp. 2d at 992 (denying defendants' motion for a more definite statement). As such, the County has a basis for responding to Clevenger's claims. Indeed, the other Defendants have already filed their answers (DE 17; DE 25), and thus, apparently were able to prepare a meaningful response to Clevenger's claims. Therefore, the County's Motion for More Definite Statement (DE 22) is DENIED.

SO ORDERED.

Entered this 4th day of January 2016.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge