UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CLIFFORD CLEVENGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:15-cv-337 |
| | ) |
| CITY OF NORTH WEBSTER | ) |
| POLICE DEPARTMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION & ORDER**

Two of the defendants in this matter, Sheriff's Deputies Knafel and Shepard, seek judgment on the pleadings because they claim they are immune from plaintiff Clevenger's claims of false arrest, false imprisonment, and assault under Indiana's Tort Claims Act , specifically Ind. Code § 34-13-3-5(b). (DE 50, 51 at 3–6.) They argue that because Clevenger alleges the deputies were acting within the scope of their employment when they arrested him, the ITCA only allows Clevenger to sue their employer. (*Id.*) Clevenger, for his part, says that he is arguing in the alternative—the deputies may or may not be immune, depending on whether they were acting within the scope of their employment. (DE 54 at 3.) As such, he believes his claims against the deputies should stand. (*Id.* at 4.) I agree with Clevenger.

According to the complaint, Clevenger went to North Webster Elementary School to have lunch with his son. (DE 1 at ¶ 15(a)–(c).) At the time, Clevenger was in the middle of a divorce with his spouse, a teacher at North Webster Elementary. (*Id.* at

¶ 15(e)–(f).) A protective order was issued on behalf of Clevenger's spouse and son at some point before he visited the school on November 14. (*Id.* at ¶ 15(e).) This order prevented Clevenger from coming onto the school's property, entering the school building, or being near his son. (*Id.* at ¶ 15(d).) When Clevenger arrived at the school and asked to see his son, he was told to stay in a room in the school's office. (*Id.* at ¶ 15(g)–(h).)

In fact, the protective order had been vacated by a Kosciusko County judge at some point prior to Clevenger's arrival on campus that day. (*Id.* at ¶ 15(h).) Clevenger provided the school and a North Webster police officer that was present with the paperwork from the Kosciusko Court explaining that the protective order had been vacated, but a school official told Clevenger that she didn't care whether the order had been vacated and announced that "she could deny access to [his] son no matter what." (*Id.*) Even Clevenger's spouse, who had the protective order issued on her behalf, came to the school's office and told the police officer present that the order had been vacated. (*Id.* at ¶ 15(j), (v).)

Sheriff's Deputy Knafel then arrived at the school with the protective order. (*Id.* at ¶ 15(k).) Despite Clevenger telling Knafel that the order had been vacated and showing him paperwork to that effect, Knafel said that he didn't care and that he was taking Clevenger to jail. (*Id.*) The police officer and Knafel left the room for for a few minutes and then returned and discussed Clevenger's paperwork, but "the [o]fficers refused to believe" Clevenger. (*Id.* at ¶ 15(m).) At this point Clevenger asked to leave,

2

but when he got up Knafel hit Clevenger's cell phone out of his hand and arrested him for invasion of privacy. (*Id.* at ¶ 15(n), (q).) Sheriff's Deputy Shepard entered the room at around the time of the arrest. (*Id.* at ¶ 15(o).) Shepard then transported Clevenger to the Kosciusko County jail, ignoring Clevenger's explanation that the protective order had been vacated. (*Id.* at ¶ 15(p).)

"A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) (quoting *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014)). So at this stage, the question is "simply whether the complaint includes factual allegations that state a plausible claim for relief." *Id.* I must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff, but I am not required to accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

One more thing as it relates to this motion: under Rule 8 of the Federal Rules of Civil Procedure, a party is allowed to plead alternative theories of relief, even if the theories are inconsistent. *See Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 397 (7th Cir. 2003). So the inconsistency of the plaintiff's allegations is not relevant for determining whether the plaintiff has stated a plausible claim for relief at this stage. *See id.*

Knafel and Shepard insist that because Clevenger alleged they acted within the

3

scope of their employment, Ind. Code § 34-13-3-5(b) personally immunizes them from tort suits. (DE 51 at 3.) Section 34-13-3-5(b) of the Indiana Code does state that "[a] lawsuit alleging that an employee [of an governmental entity] acting within the scope of the employee's employment bars an action by the claimant against the employee personally." *See Bushong v. Williamson*, 790 N.E.2d 467, 471 (Ind. 2003). Clevenger alleges that Knafel and Shepard "were acting in their official capacities as law enforcement officers"(DE 1 at ¶ 4) and that "[t]he County of Kosciusko is responsible for the acts and conduct" of Knafel and Shepard "under the doctrine of respondent's [sic] superior." (*Id.* at ¶ 10.) Taken together, these allegations indicate that Clevenger is alleging the deputies were acting within the scope of their employment. *See Stropes v. Heritage House Childrens Center of Shelbyville, Inc.*, 547 N.E.2d 244, 247 (Ind. 1989) (recovery under respondeat superior requires that employee acted within scope of employment).

But Clevenger also alleges that Knafel and Shepard "acted in reckless and wanton disregard." (DE 1 at ¶ 19.) Ind. Code § 34-13-3-5(c)(4) provides that a government employee can be sued if the plaintiff alleges that the employee's act or omission that "cause[d] a loss is . . . willful and wanton." Clevenger's choice of words here isn't an issue, not only because the allegation is a legal conclusion but also because "reckless" and "wanton and willful" are functionally equivalent. *See Bowman ex rel. Bowman v. McNary*, 853 N.E.2d 984, 995 (Ind. Ct. App. 2006) (quoting *Obremski v. Henderson*, 497 N.E.2d 909,911 (Ind. 1986)). Under Indiana law, the deputies acted

4

willfully and wantonly if they "ha[d] knowledge of an impending danger or consciousness of a course of misconduct calculated to result in probable injury" and "exhibited an indifference to the consequences of [their] conduct." *Ellis v. City of Martinsville*, 940 N.E.2d 1197, 1205 (Ind. Ct. App. 2011) (citation omitted). This they plainly did if one believes the allegations in the complaint.

The factual allegations from Clevenger's complaint, which I summarized above are enough to plausibly state claims against Knafel and Shepard. Accepting all factual allegations as true, Clevenger told Knafel the protective order had been vacated, showed Knafel paperwork to that effect, and had his story corroborated by his wife—the very person who obtained the protective order against him. In response, Knafel told Clevenger that he was going to arrest him anyway, hit his phone out of his hand, and arrested him. Shepard similarly ignored Clevenger's explanations. That's enough for Clevenger to plausibly claim that Knafel and Shepard were aware their course of misconduct would result in probable injury to Clevenger, yet exhibited indifference to the consequences anyway—in other words, that they acted willfully and wantonly. So I can't find that his claims are per se barred here.

Neither party addresses Ind. Code § 34-13-3-3(8), which provides "[a] governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from . . . [t]he adoption and enforcement of . . . a law . . . *unless the act of enforcement constitutes false arrest or false imprisonment.*" (Emphasis added). Thus it appears that false imprisonment and false arrest claims "fall

5

outside the parameters of the immunity conferred by the ITCA." *Miller v. City of Anderson*, 777 N.E.2d 1100, 1104 (Ind. Ct. App. 2002). What's more, "the use of excessive force is not conduct immunized" by the "enforcement of a law" immunity of Section 34-13-3-3(8). *Kemezy v. Peters*, 622 N.E.2d 1296, 1297 (Ind. 1993); *see Wilson v. Isaacs*, 929 N.E.2d 200, 203 (Ind. 2010); *Chapman v. Indiana*, No. 3:13CV730-PPS/CAN, 2014 WL 1831161, at *4 (N.D. Ind. May 8, 2014) ("Such immunity doesn't apply to torts such as assault and battery." (citing *Wilson*)).

Because the parties haven't addressed law enforcement immunity under I.C. 34-13-3-3(8) in their motions or briefs, I won't go further. For now, I will note that "[i]mmunity under the [ITCA] is a question of law to be determined by the court" subject to development of the factual record, and that "[t]he party seeking immunity bears the burden of establishing it." *Hochstetler v. Elkhart County Highway Dept.*, 868 N.E.2d 425, 426 (Ind. 2007) (citations omitted). For now, it is enough to say that Clevenger has alleged enough to allow his claims against the officers to proceed to the next stage. Consequently, Knafel and Shepard's Motion for Partial Judgment on the Pleadings (DE 50) is **DENIED.**

**SO ORDERED.**

**ENTERED:** June 28, 2016.

                                           s/ Philip P. Simon
                                          CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT